United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JONATHAN WANG and GOLFBESTBUY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOLF TAILOR, LLC and TIM OYLER, <br><br> Defendants. | Case No. 17-cv-00898-LB <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: ECF No. 71 |

## INTRODUCTION

This case and the three cases consolidated with it involve competing intellectual property claims to the designs of a golf club — the XE1 — and a golf training aid — the Speed Whip.[1] The plaintiffs (Jonathan Wang and Golf BestBuy) and the defendants (Timothy Oyler and Golf Tailor) both claim to have designed the golf club and training aid; both claim the other stole their designs. In this case, the plaintiffs seek relief under U.S. copyright statutes (17 U.S.C. § 101 *et seq*), among other laws, arguing that the defendants used copies of the plaintiffs' designs to counterfeit the golf club and golf aid.[2] The defendants countersued the plaintiffs, asserting a claim of trade-secrets

---

[1] Second Amend. Third-Party Complaint ("SAAC") – ECF No. 52; First Amend. Compl. ("FAC") – ECF No. 70. Record citations refer to materials in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] FAC – ECF No. 70 at 18–26.

ORDER – No. 17-cv-00898-LB

theft in violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426–2426.11. It also raised the affirmative defense — in the form of the plaintiffs' theft of the defendants' trade secrets — as an affirmative defense to the plaintiffs' claims of copyright infringement of the plaintiffs' copyrighted drawings and as stand-alone claims for declaratory judgment of non-infringement.[3]

The defendants' trade-secrets counterclaim is predicated on allegations that third-party defendants Golf Gifts & Gallery said that it would manufacture the products at its own facilities in China but instead contracted with Kingstar — owned by Mr. Wang — to manufacture the products. Mr. Wang then used the defendants' trade secrets to obtain Chinese design patents for the XE1 and the Speed Whip and used those patents to obtain U.S. Patents.[4] The court granted the plaintiffs' motion to dismiss all counterclaims, primarily because Mr. Wang's alleged bad acts happened after Golf Tailor publicly disclosed its trade secrets through product sales and also because the allegations of conspiracy are conclusory.[5]

The defendants cross-sue cross-defendants Golf Gifts & Gallery and its principal Dean Chudy, raising four claims: (1) a CUTSA claim of theft of trade secrets, predicated on the cross-defendants' responsibility for disclosing the trade secrets to Mr. Wang; (2) breach of fiduciary duty (under Oklahoma law); (3) contribution to unfair competition in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); and (4) contribution to trademark infringement and counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114(1).[6] The cross-defendants move to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7] The court grants the motion and dismisses the complaint with leave to amend.

---

[3] SAAC – ECF No. 52 at 20–25.

[4] *Id.* at 16–19 (¶¶ 18–23, 26–31, 33, 35, 38, 40).

[5] Order – ECF No. 97 at 2, 10–14.

[6] SAAC – ECF No. 52 at 40–46.

[7] Motion – ECF No. 71.

ORDER – No. 17-cv-00898-LB          2

## STATEMENT

The court assumes familiarity with its order at ECF No. 97, which recounts the plaintiffs' and defendants' competing claims of theft of the design rights embodied in the XE1 and the Speed Whip.[8] The Statement in that order sets forth allegations about Golf Gifts & Gallery that supported the defendants' claim that the plaintiffs stole their trade secrets about the design of the products. The additional allegations in the cross-complaint generally repeat the allegations about Golf Gifts & Gallery and Mr. Chudy. In sum, they are as follows. The plaintiffs' alleged trade-secrets theft of Mr. Oyler's design occurred because Golf Gifts contracted with Mr. Wang's company Kingstar to manufacture the XE1 and the Speed Whip.[9] (Golf Tailor thought that Golf Gifts had its own manufacturing facility.[10]) Mr. Chudy told Golf Tailor that Golf Gifts had its own manufacturing facilities in China, and Golf Tailor relied on this representation.[11] The defendants allege that "[o]n information and belief," Mr. Chudy and Golf Gifts conspired with the defendants to misappropriate the Golf Tailor trade secrets.[12]

## GOVERNING LAW

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim will normally survive a motion to dismiss if it offers a "short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[8] Order – ECF No. 97.

[9] SAAC – ECF No. 52 at 18 (¶ 33).

[10] *Id.* at 18, 29, 33–34 (¶¶ 15, 33, 40, 42–43).

[11] *Id.* at 27, 29 (¶¶ 3, 15).

[12] *Id.* at 18 (¶ 33).

ORDER – No. 17-cv-00898-LB        3

678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n. 2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

### 1. CUTSA Claim, Claims Predicated on Contributory Responsibility, and Fiduciary Claim

The third-party defendants argue that the CUTSA claim does not sufficiently allege a trade secret. The court disagrees. In its order at ECF No. 97, the court held that the defendants plausibly plead the existence of their trade secrets in the form of their proprietary and secret designs, their efforts to retain secrecy, and their communication of confidentiality to Golf Gifts & Gallery.[13]

But as the court also held, the defendants did not plausibly plead the misappropriation of the trade secrets.[14] The plaintiffs allege only that Golf Gifts' representation about its manufacturing facility in China makes it responsible for the plaintiffs' alleged misappropriation of the defendants' alleged design of the XE1 and the Speed Whip. The defendants' conclusion about the cross-defendants' other acts — allegedly passing trade secrets to the plaintiffs — is just that: a

---

[13] Order – ECF No. 97 at 10.

[14] *Id.* at 9–12.

ORDER – No. 17-cv-00898-LB 4

conclusion predicated only on "information and belief" and not on actual facts.[15] The allegations are too conclusory to plausibly suggest Golf Gifts, Mr. Chudy's, or the plaintiffs' responsibility under a theory of co-conspirator liability.[16]

In claims three and four, the defendants claim that Golf Gifts and Mr. Chudy are responsible under California's UCL and the Lanham Act for contribution to unfair competition and trademark infringement. Again, the defendants' conclusory allegations are based only on information and belief about the alleged passing of trade secrets and do not plausibly plead claims establishing contributory responsibility.

The defendants' final claim is for breach of fiduciary responsibility in violation of Oklahoma law. To the extent that the breach is predicated on theft of trade secrets, it fails because CUTSA preempts all common-law claims based on trade-secret misappropriation. *K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958–59 (2009); *Digital Envoy Inc. v. Google Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005). Moreover, read as a whole, the fact allegations do not establish any claim for breach of fiduciary responsibility predicated on facts other than theft of trade secrets.

The court dismisses the claims with leave to amend.

### 2. Motion to Strike Paragraphs 46–62

The court denies as moot the motion to strike paragraphs 46 to 62 on the ground that the allegations are superfluous and do not support the claims.[17]

---

[15] SAAC – ECF No. 52 at 43, 45 (¶¶ 86, 99).

[16] Order – ECF No. 97 at 9–12.

[17] Motion – ECF No. 71 at 14.

ORDER – No. 17-cv-00898-LB     5

## CONCLUSION

The court grants the motion and dismisses the defendants' third-party complaint without prejudice and with leave to amend. Golf Tailor must amend its complaint by November 17, 2017. This disposes of ECF No. 71.

**IT IS SO ORDERED.**

Dated: November 3, 2017

_____
LAUREL BEELER
United States Magistrate Judge